MAY 28 2025 PM3:39
FILED - USDC - FLMD - ORL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

Jonathan Bell, Plaintiff,

v.

ORANGE COUNTY, FLORIDA, Defendant.

Case No.: [To be assigned]

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

COMES NOW Plaintiff, Jonathan Bell, and sues Defendant, Orange County, Florida, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District, and the events giving rise to this claim occurred in Orange County, Florida.

## PARTIES

3. Plaintiff, Jonathan Bell, is a resident of Orange County, Florida, and the owner of real property located at 4301 Enright Court, Winter Park, Florida, 32792.

4. Defendant, Orange County, Florida, is a political subdivision of the State of Florida acting under color of state law.

## FACTUAL ALLEGATIONS

5. Plaintiff seeks to construct a non-commercial pavilion in his backyard, with an estimated construction cost of approximately $5,000.

6. Defendant has required Plaintiff to obtain the following to secure a building permit:
   a. Site plan
   b. Grading plan
   c. Drainage plan
   d. Sealed architectural drawings
   e. Sealed engineering drawings
   f. Energy calculations
   g. Truss engineering plans
   h. Construction documents
   i. Topo survey 25 feet off his property
   j. Boundary survey with easements
   k. Elevations of the middle of the public street
   l. Elevations of all 4 corners of the pavilion
   m. Orange County product approval sheet listing every product being used to build the pavilion along with installation details of each product

7. The estimated cost of compliance exceeds $29,000 and approximately four months to obtain the plans and reports.

8. These requirements are equivalent to those imposed on large-scale commercial developers, including multimillion-dollar high-rise projects.

9. Plaintiff's proposed structure is intended for personal, expressive, and family-related purposes, such as gatherings, celebrations, and recreation.

10. The permitting costs imposed exceed 500% of the actual construction cost, making the project economically unfeasible and depriving Plaintiff of reasonable use of his property.

11. The time to build the pavilion is approximately 50 hours. The time to obtain the 3rd party plans and reports required to receive a building permit is 4 months; then an additional 3 to 12 months to obtain a building permit. The total time is 7 to 15 months to obtain a building permit.

12. The time burden to receive a building permit is between 30 and 64 times the amount of time to build the pavilion.

13. Plaintiff has exhausted all reasonable attempts to resolve the matter with Orange County and now seeks judicial relief.

## COUNT I – VIOLATION OF SUBSTANTIVE DUE PROCESS (14TH AMENDMENT)

14. Plaintiff re-alleges paragraphs 1–10.

15. The Fourteenth Amendment prohibits arbitrary government actions that deprive citizens of property without a rational basis.

16. Requiring permitting conditions equivalent to those for multimillion-dollar projects for a small private pavilion lacks any rational relationship to public health, safety, or welfare.

17. Defendant's actions are arbitrary, unreasonable, and violate Plaintiff's substantive due process rights.

## COUNT II – REGULATORY TAKING (5TH AMENDMENT)

18. Plaintiff re-alleges paragraphs 1–10.

19. The Fifth Amendment prohibits the taking of private property for public use without just compensation.

20. Defendant's permitting requirements render Plaintiff's intended use financially impossible, effectively denying economically viable use of the land for its intended purpose.

21. Defendant's actions constitute a regulatory taking without just compensation.

## COUNT III – VIOLATION OF FIRST AMENDMENT RIGHTS

22. Plaintiff re-alleges paragraphs 1–10.

23. The First Amendment protects Plaintiff's rights to freedom of expression, assembly, and association.

24. The proposed pavilion would facilitate constitutionally protected expressive and associational activities.

25. Defendant's excessive permitting requirements impose an unreasonable barrier to Plaintiff's expressive and associational rights on private property.

26. These burdens are not narrowly tailored to serve any compelling governmental interest and are thus unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

A. Declaring that Defendant's permit requirements violate Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments;

B. Enjoining Defendant from enforcing these requirements;

C. Declaring that property owners can make personal home improvements without the burden of a permit;

D. Awarding compensatory and/or nominal damages as allowed by law;

E. Awarding attorney's fees and costs under 42 U.S.C. § 1988;

F. Granting any further relief as this Court deems just and proper.

Respectfully submitted,

Jonathan Bell

4301 Enright Court Winter Park, Florida 32792
804-240-9548
jbellmma1@gmail.com