# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JONATHAN BELL,**

        **Plaintiff,**

**v.**                                     **Case No: 6:25-cv-00865-PGB-NWH**

**ORANGE COUNTY, FLORIDA,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Jonathan Bell's ("**Plaintiff**") Motion for Preliminary Injunction (Doc. 8 (the "**Motion**")), filed on June 25, 2025. The Court does not deem a response to the Motion necessary at this time.[1] Upon consideration, the Motion is due to be denied without prejudice.

## I. BACKGROUND

Plaintiff initiated this lawsuit on May 28, 2025. (Doc. 1). Plaintiff alleges that Defendant Orange County, Florida ("**Defendant**") is violating Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments by imposing "extreme and disproportionate permitting requirements on a minor residential construction project." (*Id.*; Doc. 2). Ultimately, on June 25, 2025,

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

Plaintiff filed the instant Motion requesting the Court issue a preliminary injunction "enjoining Defendant . . . from enforcing the . . . permitting requirements against Plaintiff pending resolution of this case." (Doc. 8, p. 3).

## II. STANDARD OF REVIEW

District courts may issue preliminary injunctions in limited circumstances. *See* FED. R. CIV. P. 65; Local Rules 6.01, 6.02.

### A. Notice

Rule 65 allows for a Court to grant a preliminary injunction "only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Similarly, the Local Rules state that a party who moves for a preliminary injunction "must notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." Local Rule 6.02(b).

### B. Security

Moreover, under Rule 65, "[a] court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Likewise, under the Local Rules, a motion for a temporary restraining order or preliminary injunction must include "a precise and verified explanation of the amount and form of the required security." Local Rules 6.01(a)(4), 6.02(a)(1).

### C. Local Rules

Local Rule 6.02 requires that a motion for a preliminary injunction include "'Preliminary Injunction' in the title but otherwise [] comply with Local Rule 6.01(a) and (b)." Thus, as provided under Local Rule 6.01(a), a motion for a preliminary injunction must include:

> (1) ["Preliminary Injunction"] in the title;
>
> (2) specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief;
>
> (3) a precise description of the conduct and the persons subject to restraint;
>
> (4) a precise and verified explanation of the amount and form of the required security;
>
> (5) a supporting legal memorandum; and
>
> (6) a proposed order.

Local Rules 6.01(a), 6.02(a)(1).

In addition, Local Rule 6.01(b) provides that a motion for a preliminary injunction must include a legal memorandum that establishes:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

Local Rules 6.01(b), 6.02(a)(1).

## III. DISCUSSION

Plaintiff's Motion fails to meet each of the aforementioned requirements.[2] (*See* Doc. 8).

First, Plaintiff has not provided any indication to the Court that Plaintiff "notif[ied] each affected party." Local Rule 6.02(b); *see* FED. R. CIV. P. 65(a)(1). Moreover, Plaintiff has not established by "clear and convincing evidence an extraordinary circumstance not requiring notice." *See* Local Rule 6.02(b); *see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." (citing FED. R. CIV. P. 65(a)(1))); *Faller v. Casa Bahia at Westshore Yacht Club Condo. Ass'n, Inc.*, No. 8:21-cv-1731-MSS-AAS, 2021 WL 12141705, at *1–2 (M.D. Fla. Aug. 5, 2021) (denying a motion for a preliminary injunction for failure to comply with the notice requirements).[3]

Further, Plaintiff simply does not address the matter of security, much less provide "a precise and verified explanation of the amount and form of the required security." Local Rules 6.01(a)(4), 6.02(a)(1); *see* FED. R. CIV. P. 65(c).

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

4

Plaintiff likewise fails to provide a sufficient legal memorandum addressing the required elements. *See* Local Rules 6.01(a)(5), 6.01(b), 6.02(a)(1). Plaintiff vaguely references case law, without connecting the relevance of such authority to his specific claims and the elements required to support his request for relief. Moreover, Plaintiff neither delineates "specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief" nor provides "a precise description of the conduct and the persons subject to restraint." Local Rules 6.01(a), 6.02(a)(1).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See, e.g.*, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Four Seasons*, 320 F.3d at 1210.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 8) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on July 10, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5